JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Douglas Smith, appeals his convictions and sentences for attempted burglary and criminal damaging following a bench trial in the Cuyahoga County Common Pleas Court. For the reasons that follow, we affirm, in part, and reverse and remand, in part.
 {¶ 2} The record reflects that appellant was the former boyfriend of Patricia Scott ("Scott"), who occupied the third floor of a three-family residence in Cleveland Heights. Appellant and Scott dated for a three-month period from April to June 2003, with appellant residing part of that time with Scott. Appellant, however, ceased living with Scott sometime in mid-June 2003 because of allegations of domestic violence. Scott eventually obtained a temporary restraining order against appellant in July 2003.
 {¶ 3} Although the first and second floor apartments are accessible by way of a front and back door, Scott's apartment is only accessed through the back entrance door. The back door is secured by a deadbolt lock that, once unlocked, allows access to stairs leading to the second- and third-floor apartments.
 {¶ 4} In the early morning hours of July 30, 2003, Carita Cordell, the sister of the first-floor tenant, Yolanda Pitts, observed that the back door had been pried open and that there were what appeared to be hammer marks on the door. According to Cordell's testimony, the door was not in that condition when she arrived at her sister's home the evening before. Indeed, she testified that the door was relatively new, as were the locks. Cordell testified that she went out back to investigate and saw a vehicle that she associated with appellant because she had seen him drive it before. Shortly thereafter, Cordell observed appellant descending the stairs outside Scott's apartment, get into the car and drive away. She went upstairs to check on Scott, observed again what appeared to be hammer marks on Scott's door, saw and smelled cigarette smoke in the air and observed a hammer outside Scott's door. Scott's door, however, remained closed.
 {¶ 5} Scott testified that she arrived at her apartment the evening before around midnight. At that time, the back entrance door, as well as the door to her apartment, did not exhibit any signs of forced entry and was in its usual undamaged condition. She testified that she was awakened the next morning by Yolanda Pitts and a police officer. She then noticed the marks on her apartment door, as well as a cigarette butt and hammer, outside her door. She further testified that she had seen the hammer before in appellant's mother's garage and recognized the cigarette butt as the brand smoked by appellant. She testified that she did not give permission to appellant to enter her apartment.
 {¶ 6} Appellant was eventually indicted for attempted aggravated burglary, in violation of R.C. 2923.02 and 2911.11, and criminal damaging, in violation of R.C. 2909.06. At the bench trial that followed, the court dismissed the charge for attempted aggravated burglary, finding insufficient evidence of use of the hammer as a deadly weapon or dangerous ordnance. The trial proceeded, however, on the lesser included offense of attempted burglary and criminal damaging. The trial court eventually found appellant guilty of both of these offenses. He was sentenced to a one-year prison term on the attempted burglary conviction, which was to be served concurrently with a 45-day jail term contemporaneously imposed for the criminal damaging conviction.
 {¶ 7} Appellant is now before this court and assigns three errors for our review.
 Sufficiency of the Evidence {¶ 8} In his first assignment of error, appellant contends that there was insufficient evidence to convict him of attempted burglary and criminal damaging and it was error, therefore, for the trial court to deny his Crim.R. 29 motion for acquittal on these charges.
 {¶ 9} Crim.R. 29(A) governs motions for acquittal and provides for a judgment of acquittal "if the evidence is insufficient to sustain a conviction * * *." An appellate court's function in reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. A verdict will not be disturbed on appeal unless reasonable minds could not reach the conclusion reached by the trier of fact. State v. Jenks (1991), 61 Ohio St.3d 259,273. In essence, sufficiency is a test of adequacy. State v.Thompkins (1997), 78 Ohio St.3d 380, 386-387.
 Attempted Burglary {¶ 10} R.C. 2923.02(A) defines attempt broadly as "conduct that, if successful, would constitute or result in the offense." "Criminal attempt" is an act or omission constituting a substantial step in a course of conduct planned to culminate in the actor's commission of the crime but that falls short of completion of the crime. State v. Group, 98 Ohio St.3d 248,2002-Ohio-7247, at ¶ 101, citing State v. Woods (1976),48 Ohio St.2d 127, paragraph one of the syllabus. A "substantial step" requires conduct that is "strongly corroborative of the actor's criminal purpose." Id.
 {¶ 11} The attempted underlying crime for which appellant was convicted in this case is burglary, as is set forth in R.C.2911.12(A)(1). This statute prohibits a person, "by force, stealth, or deception," from "[t]respass[ing] in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person * * * is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense."
 {¶ 12} Thus, as is pertinent to this case, appellant's conviction for attempted burglary can be upheld if the state produced sufficient evidence indicating that appellant's actions constituted a substantial step toward forcibly entering Scott's apartment with the intent to commit a criminal offense. As appellant acknowledges, it is not necessary for the state to prove that a criminal offense was actually committed, as long as it can prove beyond a reasonable doubt that the accused intended to commit a criminal offense. See State v. Brooks (1995),101 Ohio App.3d 260, 265.[1]
 {¶ 13} It is appellant's position that there is no evidence that he intended to commit a crime. He argues that the trial court impermissibly stacked inference upon inference to reach its conclusion that he attempted to break into Scott's apartment to commit a crime and, as such, his conviction for attempted burglary cannot stand.
 {¶ 14} It is true that a trier-of-fact may not rely upon "an inference based entirely upon another inference, unsupported by any additional fact or another inference from other facts[.]"State v. Cowans (1999), 87 Ohio St.3d 68, 78, quoting Hurt v.Charles J. Rogers Transp. Co. (1955), 164 Ohio St. 329, paragraph one of the syllabus. However, "an inference * * * based in part upon another inference and in part upon facts is a parallel inference and, if reasonable, may be indulged in * * *." Id., paragraph two of the syllabus.
 {¶ 15} Here, appellant argues that the trial court inferred from his mere presence in the area of Scott's apartment, and the presence of the objects tenuously associated with him outside her apartment door, that he had intended to commit a crime. We disagree.
 {¶ 16} To be sure, the court inferred that these objects, the cigarette butt and hammer, were used by Scott to forcibly enter the apartment based on Scott's testimony linking him to these objects. But it cannot be said that appellant's "presence in the area" was based on an inference. Cordell testified that she observed appellant descending the stairs that lead to and from Scott's apartment. This is a fact presented through testimony, not an inference. Indeed, the trial court concluded that appellant's presence at Scott's apartment, combined with testimony that the back entrance door and Scott's apartment door exhibited signs of forced entry that were not present the evening before, indicated that he was the individual who was not only responsible for the damage to the door but also intended to enter Scott's apartment to commit a criminal offense.
 {¶ 17} Even if we were to construe appellant's inference argument as a challenge to the inference that appellant intended to commit a crime based on the use of force in attempting to gain entrance into Scott's apartment, we are unpersuaded. Appellant relies on the trial court's statement to the effect that the court was unsure of appellant's "motive" for entering Scott's apartment. The court stated:
 {¶ 18} "I examined the evidence in this case. Briefly, I will go over what is (sic) my thought process is. There's motive here. Based upon the terms (sic) turbulent history between [appellant] and [Scott], the restraining order was issued. He had a motive to enter the apartment or at least attempt to enter the apartment — I would agree, either make up to her or do something untoward to [Scott]. There was motive."
 {¶ 19} "Motive" and "intent" are not interchangeable terms. See State v. Wyant (1992), 64 Ohio St.3d 566, 572. "Intent" is defined as the state of mind accompanying an act. Black's Law Dictionary (8 Ed.Rev. 2004) 825. "Whereas motive is the inducement to do some act, intent is the mental resolution or determination to do it. When the intent to do an act that violates the law exists, motive becomes immaterial." Id. Consequently, appellant cannot equate the court's reference to motive as determinative of lack of intent on appellant's part. Moreover, it is reasonable to infer that one who forcibly enters a dwelling does so with the intent to commit a criminal offense therein. See State v. Flowers (1984), 16 Ohio App.3d 313, paragraph one of the syllabus, overruled on other grounds, Statev. Fontes (2000), 87 Ohio St.3d 527.
 {¶ 20} "The intent of an accused person dwells in his mind. Not being ascertainable by the exercise of any or all of the senses, it can never be proved by the direct testimony of a third person, and it need not be. It must be gathered from the surrounding facts and circumstances under proper instructions from the court." State v. Huffman (1936), 131 Ohio St. 27, paragraph four of the syllabus.
 {¶ 21} Here, appellant was under a restraining order prohibiting him from contact with Scott. Early in the morning of July 30, 2003, the back entrance door and Scott's apartment door exhibited signs of forced entry that were absent the night before and appellant was observed alighting from the stairs leading to and from Scott's apartment. From the surrounding facts and circumstances, there was sufficient evidence before the court that appellant took substantial steps to forcibly enter Scott's apartment while she was present and that he intended to commit a criminal offense once there. To conclude otherwise defies common sense.
 {¶ 22} We find no error by the trial court in denying appellant's motion for acquittal for attempted burglary.
 Criminal Damaging {¶ 23} R.C. 2909.06(A)(1) prohibits an individual from knowingly causing or creating "a substantial risk of physical harm to any property of another" without that person's consent.
 {¶ 24} Appellant contends that no witness testified that they saw him do anything criminal. Although true, there was testimony that both doors that lead to Scott's apartment were undamaged in the late evening hours of July 29th and were then observed to be damaged in the early morning hours of July 30th. Shortly after this observation, appellant was seen descending the stairs that lead to and from Scott's apartment. Although there was no direct evidence that it was appellant who damaged Scott's doors, there existed circumstantial evidence indicating as much. Because direct and circumstantial evidence carry equal weight, it was not error for the trial court to deny appellant's motion for acquittal on the criminal damaging charge. See State v. Jenks,
61 Ohio St.3d at paragraph one of the syllabus.
 Allied Offenses of Similar Import {¶ 25} In his second assignment of error, appellant contends that the attempted burglary and criminal damaging are allied offenses of similar import and it, therefore, was error for the trial court to convict and sentence him for both offenses.
 {¶ 26} R.C. 2941.25, Ohio's multiple-count statute, evinces the legislature's "intent to permit cumulative sentencing for the commission of certain offenses." State v. Rance (1999),85 Ohio St.3d 632, 635, quoting State v. Bickerstaff (1984),10 Ohio St.3d 62, 66. R.C. 2941.25(B) permits a criminal defendant to be punished for multiple offenses of dissimilar import. On the other hand, R.C. 2941.25(A) provides that a criminal defendant may be convicted of only one offense, despite an indictment that includes charges for multiple offenses, "[w]here the same conduct by defendant can be construed to constitute two or more allied offenses of similar import * * *." Nonetheless, if a defendant commits offenses of similar import separately or with a separate animus, that defendant may be punished for both under R.C.2941.25(B).
 {¶ 27} Offenses are of similar import if the elements of each crime, when compared in the abstract, "correspond to such a degree that the commission of one crime will result in the commission of the other." State v. Rance, 85 Ohio St.3d at 638, quoting State v. Jones (1997), 78 Ohio St.3d 12, 14; see, also,State v. Childs (2000), 88 Ohio St.3d 558, 561. In this case, appellant was convicted of attempted burglary and criminal damaging. As discussed in Section I, attempted burglary requires proof that a defendant had taken a substantial step towards "[t]respass[ing] in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person * * * is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense" by "force, stealth, or deception." See R.C. 2911.12(A)(1). Criminal damaging, on the other hand, requires proof that the accused knowingly "cause[d], or create[d] a substantial risk of physical harm to any property of another without the other person's consent * * *." See R.C. 2909.06(A)(1). Comparing the two offenses, it is apparent that the elements do not correspond to such a degree that the commission of one offense would result in the commission of the other offense. One can trespass on another's property without damaging that property. Conversely, one can damage another's property without satisfying the element of trespass.
 {¶ 28} Appellant's second assignment of error is not well taken and is overruled.
 Post-Release Control {¶ 29} In his third assignment of error, appellant contends that post-release control should not be part of his sentence because he was only informed of the term of post-release control and not the consequences for violating it. The state concedes as much, but urges this court to remand for resentencing.
 {¶ 30} This court has addressed this issue several times recently. This author, along with several other members of this court, has concluded that if a criminal defendant is notproperly informed at the sentencing hearing that post-release control is part of his or her sentence, then post-release control is not part of any sentence imposed, despite a sentencing journal entry to the contrary. See, generally, State v. Johnson,
Cuyahoga App. No. 81814, 2003-Ohio-4180. As stated in Johnson,
this issue is presently before our supreme court. See State v.Jordan, 98 Ohio St.3d 1460, 2003-Ohio-644. Until this issue is resolved by that court, we will continue to adhere to the position that post-release control is not part of an offender's sentence when he or she is not properly informed of not only the possible duration of post-release control but the consequences for violating its terms.
 {¶ 31} Appellant's third assignment of error is well taken and is sustained. We, therefore, reverse the order of the trial court that imposed post-release control and remand for the trial court to correct the sentencing journal entry to reflect that post-release control is not part of appellant's sentence.
Judgment affirmed, in part, and reversed and remanded, in part.
It is ordered that appellee and appellant equally share costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for correction of sentencing journal entry and thereafter execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kilbane, P.J. Concurs
Rocco, J., Concurs in part and Dissents in part (Concurring and dissenting opinion attached)
[1] The state, on the other hand, maintains that appellant had already committed a criminal act by violating the terms of the restraining order, the existence of which was stipulated by appellant. The state has not offered, and we are unaware of, any authority indicating that a violation of a restraining order is sufficient to prove the element of "intent to commit a criminal offense" within the offense of burglary. The use of the future tense of the verb "commit" intimates that a criminal act would be committed in the future, not during the course of, the burglary.