JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Richard Plachko, was convicted after a jury trial of one count of burglary, in violation of R.C. 2911.12(A)(1). Plachko contends that his conviction was not supported by sufficient evidence and was against the manifest weight of the evidence. Finding no merit to his appeal, we affirm.
I. Trial Testimony
 {¶ 2} At trial, Robert Krupka testified that he looked out the window of his home at approximately 2:00 a.m. on September 12, 2008 and saw a red car slowly circling the cul-de-sac of his street. He observed a male park the car in front of his house, exit the vehicle, and enter the open garage of his neighbor, Dean Taylor, who lived across the street. Once inside the garage, the male flicked on a lighter and began rummaging around in the garage, looking through the shelves and into a car parked in the garage.
 {¶ 3} Krupka called the Olmsted Falls police and told them what he had observed. He continued watching the male who, after about five minutes, walked back to his car, got in it, and drove away.
 {¶ 4} Olmsted Falls police sergeant Floyd Takacs was dispatched to the scene immediately after Krupka's call. As he turned onto the cul-de-sac, he saw the red car turning the corner, so he stopped it. Plachko was driving the car and *Page 4 
no one else was in the car with him. Takacs testified that he searched Plachko after he arrested him but did not find any cigarettes on Plachko's person.
 {¶ 5} Olmsted Falls police officer Daniel Daughtery, who also responded to the scene, interviewed Krupka, who identified Plachko at the scene as the male he had observed in Taylor's garage. Krupka also identified Plachko in court as the male he had seen that morning in Taylor's garage.
 {¶ 6} Dean Taylor testified that he was awakened at approximately 2:30 a.m. that morning by the police, who were knocking on his door. When he went into his garage, he noticed that the tools, snowboards, and boots on the garage shelves had been disturbed. Some of the bicycles in the garage were tipped over, as if someone had leaned into them or bumped them. His wife's car door was also ajar. Nothing was missing from the garage, however. According to Taylor, it appeared that someone had entered his garage, "messed around with a lot of stuff and left."
 {¶ 7} Taylor testified that his garage is attached to the house. That night, he had gone to bed around midnight and forgotten to shut the garage door. Taylor testified that he had never seen Plachko before and had not given him permission to enter his garage. Taylor testified further that he, his wife, and children were sleeping while Plachko was in their garage.
 {¶ 8} The trial court subsequently denied Plachko's Crim. R. 29 motion for acquittal. The jury found him guilty of burglary, and the trial court sentenced *Page 5 
him to 12 months of community control sanctions. Plachko now challenges the sufficiency and manifest weight of the evidence to support his conviction.
II. Sufficiency and Manifest Weight of the Evidence
 {¶ 9} An appellate court's function in reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 10} While the test for sufficiency requires a determination of whether the prosecution has met its burden of production at trial, a manifest weight challenge questions whether the prosecution has met its burden of persuasion. State v. Thompkins, 78 Ohio St.3d 380, 390,1997-Ohio-52. When considering a manifest weight claim, a reviewing court must examine the entire record, weigh the evidence, and consider the credibility of witnesses. State v. Thomas (1982), 70 Ohio St.2d 79,80. The court may reverse the judgment of conviction if it appears that the factfinder "`clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" Thompkins at 387, quoting State v. Martin (1983),20 Ohio App.3d 172, *Page 6 
175. A judgment should be reversed as against the manifest weight of the evidence "only in the exceptional case in which the evidence weighs heavily against the conviction." Thompkins at 387. A finding that a conviction was supported by the manifest weight of the evidence necessarily includes a finding of sufficiency. Id. at 388.
 {¶ 11} The offense of burglary, as charged in this case, required proof that Plachko, by force, stealth, or deception, and with the intent to commit any criminal offense, trespassed in (i.e., entered without privilege to do so) an occupied structure or a separately secured or separately occupied portion of an occupied structure when another person (who was not Plachko's accomplice) was present. R.C. 2911.12(A)(1). Plachko's conviction was supported by the manifest weight of the evidence on each element.
 {¶ 12} An attached garage is a separately secured or separately occupied portion of an occupied structure for purposes of the burglary statute. See, e.g., State v. Biddlecom (Apr. 6, 2000), 8th Dist. No. 76087; State v. Wells (Jan. 19, 1994), 2nd Dist. No. 92-CA-122; 7 State v. Ward (1993),85 Ohio App.3d 537, 540. Plachko entered the open garage under the cover of darkness, which this court has determined to be a sufficient circumstance to demonstrate the element of stealth. Biddlecom, supra, and cases cited therein. Moreover, the evidence demonstrated that Plachko was trespassing, as he did not have permission to enter Taylor's garage, despite the fact that it was open. *Page 7 
 {¶ 13} Plachko contends, however, that even if the other elements of burglary were proven, the State failed to prove that he had any purpose to commit a criminal offense in Taylor's garage. He contends that although his actions might have been bizarre, they were "consistent with having some strange sense of curiosity as to what was inside the garage" and did not demonstrate that he intended to commit a theft offense inside the garage.
 {¶ 14} Intent cannot normally, if ever, be demonstrated by direct testimony. State v. Huffman (1936), 131 Ohio St. 27, paragraph four of the syllabus. Because intent exists in a person's mind, it must be determined from the surrounding facts and circumstances. Id., State v.Smith, 8th Dist. No. 84292, ¶ 20, 2004-Ohio-6111.
 {¶ 15} In the absence of evidence giving rise to a different inference, there is a reasonable inference that one who forcibly enters a dwelling does so with the intent to commit a theft offense. State v.Miller, 8th Dist. No. 79975, 2002-Ohio-1416, citingState v. Flowers (1984), 16 Ohio App.3d 313, 315. Likewise, in this case, we find it reasonable to infer that Plachko's stealth entry into the garage and subsequent actions indicated his intent to commit a theft offense while inside the garage. The evidence demonstrated that he entered the garage under cover of darkness, searched through the garage shelves and the car for at least five minutes, and illuminated his search with only a lighter. We note no evidence of any contrary inference. Further, a jury is not required to accept a *Page 8 
competing inference of innocence if it may infer guilt beyond a reasonable doubt from the same circumstances. Jenks, supra.
 {¶ 16} After reviewing the record, weighing the evidence, and considering the credibility of the witnesses, we find that Plachko's conviction was supported by the manifest weight of the evidence. His first and second assignments of error are therefore overruled.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, A.J., and SEAN C. GALLAGHER, J., CONCUR *Page 1