The STATE of Ohio, Appellee,

v.

WARD, Appellant.

[Cite as *State v. Ward* (1993), 85 Ohio App.3d 537.]

Court of Appeals of Ohio,
Hancock County.

No. 5–92–46.

Decided March 30, 1993.

538

*Martha Jane Cooper,* Hancock County Assistant Prosecuting Attorney, for appellee.

*Maria Santo,* for appellant.

EVANS, Presiding Judge.

This is an appeal by defendant-appellant, Eric S. Ward, who was indicted for two counts of burglary in violation of R.C. 2911.12(A)(3).[1]  The judge of the

---

1.  R.C. 2911.12(A)(3) reads:
    "No person, by force, stealth, or deception, shall do any of the following:

Common Pleas Court of Hancock County found appellant guilty on both counts and sentenced him to consecutive terms of eighteen months' imprisonment.

█ From this judgment appellant appeals, asserting two assignments of error, the first of which states:

"The trial court committed and [*sic* ] error of law by finding the defendant-appellant guilty of burglary when the evidence did not support that Defendant–Appellant trespassed by stealth."

Count one of the indictment alleged appellant trespassed by stealth in the permanent residence and habitation of Jill Seitz at a time when Seitz was likely to be present. The facts leading to this count indicate that on the afternoon of August 5, 1992, Seitz was mowing her backyard while her two-year-old daughter was playing near the garage. Seitz's home is a single-story ranch house with the garage attached to the house and the overhead garage door facing the street. The front door to the house was locked and the overhead garage door was closed. A back door leading into the garage was left open because the two-year-old child was playing in the area.

Seitz testified she was mowing back and forth in a pattern perpendicular to the house with her back turned toward the house part of the time as she mowed every other strip of grass. As she looked toward the garage to check her daughter, she observed appellant standing inside the doorway to the garage. She stopped the lawnmower and appellant waved to her as if he wanted to speak with her. When confronted by Seitz, appellant claimed he was looking for the ten-speed bicycle which was for sale. After he was told no such bicycle had been offered for sale, appellant claimed he must have had the wrong address and casually walked away.

The second count of the indictment alleged appellant trespassed by stealth in the permanent residence and habitation of Stacy Law at a time when Stacy was present. The events surrounding count two also occurred on August 5, 1992. Stacy's mother, Carol, was mowing in the backyard. Stacy was in the house watching television when appellant came to the front door and rang the doorbell. Stacy looked out a window in the door and observed appellant standing at the door with the screen door opened. It is not known whether appellant noticed Stacy looking out the window. Before answering the door, Stacy took the family dogs into another room. As she returned, she heard someone enter the house

---

"(1) * * *
"(2) * * *
"(3) Trespass in a permanent or temporary habitation of any person when any person is present or likely to be present."

through the side door. She did not hear the side door bang closed and knew it was not her mother, who routinely allowed the wooden screen door to slam shut.

Stacy went to lock the door between the side entrance and the upstairs. As she entered the kitchen, appellant opened the door and stood on the second or third step leading into the kitchen. When appellant saw Stacy he asked whether "Steve" was home. Stacy indicated no one by that name lived in the house. Appellant commented about scaring Stacy, then calmly left the house.

Appellant argues the state failed in both counts to prove that his trespassing in another person's habitation was committed with the requisite element of stealth as alleged in the indictment. We disagree. When reviewing the sufficiency of the evidence to support a criminal conviction, an appellate court's function is to view the evidence admitted at trial in a light favorable to the prosecution and determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.

There is no definition of "stealth" provided in the Revised Code. However, Judge Whiteside has indicated a proper definition of "stealth," and one by which the average person would understand the word, to be "any secret, sly or clandestine act to avoid discovery and to gain entrance into or to remain within a residence of another without permission." *State v. Lane* (1976), 50 Ohio App.2d 41, 47, 4 O.O.3d 24, 27, 361 N.E.2d 535, 540.[2]

Considering this definition, we conclude appellant's trespassing in the two homes was committed by stealth. Regarding the first count of the indictment, the evidence indicates Seitz was mowing in the backyard with her two-year-old daughter playing near the back garage door. In spite of the child's playing and the noise of the lawnmower, appellant did not attempt to speak to Seitz or gain her attention to inquire about the bicycle that was supposedly for sale. Instead, he came to the back of her home and entered her garage at a time when she was not looking. Only when Seitz noticed appellant standing inside her garage without permission did he make a gesture indicating his desire to speak to her. Appellant's failure to speak to the adult who was supervising the child playing near the back garage door, together with the fact that he made his appearance in the backyard at a time when Seitz was mowing with her back to the house, evidenced his desire to avoid detection as he entered the garage.

In the second instance, appellant's ringing the front door bell illustrated his knowledge that he was not allowed to simply walk into the residence, but had to

---

**2.** Black's Law Dictionary (6 Ed.1990) 1413, defines "stealth" by utilizing this same definition and citing *State v. Lane* (1976), 50 Ohio App.2d 41, 47, 4 O.O.3d 24, 27, 361 N.E.2d 535, 540.

summon someone to the door to authorize his entrance. When no one answered the front door, he went to a side door and entered the house. Rather than allowing the wooden screen door to slam shut, appellant quietly closed the door and started to enter the kitchen. Upon discovery, he claimed he was looking for "Steve." The fact that no one answered the front door when he rang the bell was an indication that no one was present in the house and appellant had no permission to simply walk into the empty house. Moreover, Carol Law was mowing the grass in the backyard. When appellant heard the lawnmower, he could have sought her out and asked her whether "Steve" was present at the residence.

Appellant's first assignment of error is overruled.

Appellant's second assignment of error states:

"The defendant-appellant was denied effective assistance of counsel based on trial counsel's failure to file a Notice of Alibi."

Appellant claims he had an alibi to the second count and was denied the effective assistance of trial counsel because his trial attorney failed to assert this alibi as a defense against the second count of the indictment. At oral arguments appellant admitted his failure to demonstrate this claim of error.

The burden of proving ineffectiveness of trial counsel is upon the defendant. *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693; *State v. Smith* (1985), 17 Ohio St.3d 98, 100, 17 OBR 219, 221, 477 N.E.2d 1128, 1130. The only suggestion in the record that appellant had an alibi defense is found in his statement to the court made in mitigation of punishment. No other claim of an alibi defense is found in the record. There is no evidence that appellant discussed this potential defense with his trial counsel or that the alibi witnesses were willing to testify on appellant's behalf. Because appellant's allegations of ineffective trial counsel are based on facts outside the record, it is impossible for this court to determine on a direct appeal from a conviction whether appellant's trial counsel was ineffective by not asserting the alleged alibi defense. See *State v. Gibson* (1980), 69 Ohio App.2d 91, 95, 23 O.O.3d 130, 132, 430 N.E.2d 954, 957.

Appellant's second assignment of error is meritless and is overruled.

Having found no error prejudicial to appellant herein, in any of the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment affirmed.*

SHAW and HADLEY, JJ., concur.