[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant, Mack Thomas, appeals his conviction, following a jury trial, for breaking and entering in violation of R.C. 2911.13(A), and the imposition of the maximum sentence. For the following reasons, we affirm the judgment of the trial court.
In his first and second assignments of error, Thomas contests the sufficiency and the weight of the evidence to support the conviction. In reviewing a claim of insufficient evidence, an appellate court must examine the evidence presented at trial and determine whether that evidence, viewed in a light most favorable to the prosecution, could have convinced any rational trier of fact that the defendant was guilty beyond a reasonable doubt.[1] In reviewing a weight-of-the-evidence question, an appellate court must examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice.[2]
After reviewing the record, we hold that there was sufficient evidence presented to support Thomas's conviction for breaking and entering and that the conviction was not against the weight of the evidence. Cincinnati police officer Michael Bell testified that in the early morning hours of April 11, 2001, while on riot patrol, he was called to Barr's Loan and Pawnshop to investigate an incident of looting. Bell testified that, upon his arrival, the windows of the store had been broken, glass was scattered on the sidewalk, and the iron bars that had covered the windows had been pried back and thrown on the ground. Upon hearing a voice inside, Bell waited outside by one of the broken windows and observed Thomas climbing out the window of the store with a dresser drawer full of miscellaneous items, including some jewelry and cameras. The owner of the pawnshop, Leonard Weinstein, was called to the scene, and at trial he testified that Thomas did not have permission to be in the store, that the store had been closed at the time that Thomas was caught leaving the pawnshop, and that the items in the dresser drawer were items that belonged to Weinstein.
R.C. 2911.13(A) provides in part that "[n]o person by force, stealth, or deception, shall trespass in an unoccupied structure, with purpose to commit therein any theft offense." Thomas maintains that the state did not prove that Thomas had trespassed in the store by stealth because no one saw Thomas enter the store. But Officer Bell testified that he saw Thomas leaving the building through the broken window, and it can reasonably be inferred that since the pawnshop was closed and locked prior to Thomas being in the store, the only way that he could have entered was through the broken window(s). This was trespassing by stealth, regardless of whether Thomas was the person who actually broke the windows.[3] Accordingly, the first and second assignments of error are overruled.
In his third assignment of error, Thomas contends that the trial court erred in imposing a one-year prison term, the maximum sentence for breaking and entering. We disagree.
Before imposing the maximum sentence, the trial court must find that the offender committed the worst form of the offense or has the greatest likelihood of recidivism, and it must give reasons supporting its finding.[4] Here, the trial court made not just one, but both, of the aforementioned findings. Thomas contends that the trial court's reason for finding that he had committed the worst form of the offense (the extensive damage done to the premises) was not clearly and convincingly supported by the record. We do not need to address that argument because the trial court also found that Thomas had the greatest likelihood of recidivism, and the trial court's reason for that finding was clearly and convincingly supported in the record. Accordingly, the third assignment of error is overruled, and the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Winkler, JJ.
[1] See State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.
[2] See State v. Martin (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717,720.
[3] See State v. Ward (1993), 85 Ohio App.3d 537, 620 N.E.2d 168;State v. Lance (1976), 50 Ohio App.2d 41, 361 N.E.2d 535.
[4] See R.C. 2929.14(C); State v. Edmonson (1999), 86 Ohio St.3d 324,328-329, 715 N.E.2d 131, 135.