[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
A jury found appellant Terrance Washington guilty of breaking and entering in violation of R.C. 2911.13(A). The trial court sentenced him to eleven months in prison. On appeal, Washington challenges the weight and the sufficiency of the evidence supporting his conviction.
Cincinnati Police Officer Stephen Fromhold responded to a radio dispatch that a pawnshop was being looted. He had driven by the shop several times earlier and had noted that the iron gate in front of the window had been bent and that the shop's window had been smashed. The pawnshop was one of several businesses that had been looted during the early morning hours of April 11, 2001.
When Officer Fromhold entered the building, he saw that the display cases were smashed and that merchandise had been strewn over the floor. He identified himself as a police officer several times and received no response.
Officer Fromhold spotted Washington and another male hiding behind a counter. He ordered them to lie on the floor. There was an opened gym bag resting on top of debris within four feet of Washington.
In reviewing Washington's sufficiency-of-the-evidence challenge, we must examine the evidence in a light most favorable to the state and determine whether it could have convinced any rational trier of fact that Washington was guilty beyond a reasonable doubt of breaking and entering.[1] In contrast, when reviewing the weight-of-the-evidence challenge, we must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice.[2]
Breaking and entering occurs when one, by force, stealth, or deception, trespasses in an unoccupied structure with the purpose to commit any theft offense as defined in R.C. 2913.01.[3] Washington argues that the state failed to prove that he had entered the pawnshop by force or stealth. He contends that because previous looters had rendered the pawnshop accessible to anyone, neither stealth nor force was necessary to enter it.
Stealth has been defined as "any secret, sly or clandestine act to avoid discovery and to gain entrance into or to remain within a [structure] of another without permission."[4] Although there was no testimony about how Washington had entered the pawnshop, either through the broken window or the bent gating, the fact that he had entered it after closing hours and had hidden to avoid detection was sufficient to support his conviction for breaking and entering. Further, Washington's purpose to commit theft could be established by circumstantial evidence. The fact that Washington had entered the building late at night, was hiding from the police, and had an open gym bag next to him was sufficient to demonstrate that he had the purpose to commit a theft.
We conclude that the evidence was sufficient to support his conviction and that the jury did not lose its way in resolving any conflicts in the evidence. We overrule Washington's assignment of error.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Sundermann and Winkler, JJ.
[1] See State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.
[2] See State v. Martin (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717,720.
[3] See R.C. 2911.13(A).
[4] See State v. Ward (1993), 85 Ohio App.3d 537, 540, 620 N.E.2d 168,170.