OPINION
{¶ 1} This matter comes for consideration upon the record in the trial court and Appellant's brief. Rebecca Faith appeals the judgment of the Municipal Court of Columbiana County, Ohio, Southwest Division, convicting her of one count of resisting arrest in violation of R.C. 2921.33, a second-degree misdemeanor. The issues we must resolve are whether there was sufficient evidence to support Faith's conviction and whether that conviction was against the manifest weight of the evidence. We conclude there was sufficient competent credible evidence to sustain her conviction and the decision of the trial court is affirmed.
 Facts {¶ 2} Faith and her two children were residing with her parents and sister in Hanoverton, Ohio. On February 27, 2003, Rebecca and her father got into an argument and he allegedly slapped her. Her sister then got involved in the argument and Faith threw a shoe at her. Faith then drove to the Columbiana County Sheriff's Department to file charges against her father. In the meantime, Faith's family members were apparently reporting her actions to the same police department.
 {¶ 3} When Faith arrived at the police department with her boyfriend James Smith, Sergeant Foley took her statement regarding her father's behavior and then informed Faith about the charges being brought against her. At this point, Faith became angered and attempted to leave the police department. It is in dispute whether or not Faith was placed under arrest for domestic violence by Sergeant Foley prior to her becoming argumentative, refusing to be handcuffed, and pulling away from the arresting officer. Regardless, Faith was arrested at the station by Sergeant Foley for resisting arrest.
 {¶ 4} Faith was arraigned on the charges of resisting arrest and domestic violence on March 3, 2003 and pleaded no contest to the latter. On June 23, 2003, a bench trial was conducted on the charge of resisting arrest. After the trial court heard all the testimony, it found Faith guilty of resisting arrest.
 {¶ 5} In her brief, Faith makes arguments concerning both weight and sufficiency of the evidence. Those relevant to sufficiency of the evidence will be addressed first.
 {¶ 6} Faith's second of two assignments of error alleges:
 {¶ 7} "The trial court erred in not requiring the state to prove defendant's guilt beyond a reasonable doubt as to each and every allegation of the offense."
 Sufficiency Not Waived {¶ 8} Notably, Faith did not move for an acquittal at either the close of the State's case or at the close of her defense. This court and several other courts have held in the past that sufficiency issues are waived where an acquittal motion has not been filed or renewed, relying on authority such as State v.Roe (1989), 41 Ohio St.3d 18, which mentioned such waiver. However, the Ohio Supreme Court has since held that a defendant does not waive a sufficiency argument on appeal where he fails to raise the issue at trial. State v. Jones (2001),91 Ohio St.3d 335, 346; State v. Carter (1992), 64 Ohio St.3d 218, 223.
 {¶ 9} The Court in Jones reasoned that a defendant's "not guilty" plea preserves his right to object to the alleged insufficiency of the evidence. Id. Moreover, the United States Supreme Court has held that the Due Process Clause of theFourteenth Amendment to the United States Constitution protects a defendant in a criminal case against a conviction "* * * except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." In re Winship
(1970), 397 U.S. 358, 364. Accord State v. Thompkins (1997),78 Ohio St.3d 380, 386-387, (because "`a conviction based on legally insufficient evidence constitutes a denial of due process[.]'").
 {¶ 10} Accordingly, despite the fact that Faith failed to file a Crim.R. 29(A) motion for judgment of acquittal, we will still consider her argument that the State failed to present sufficient evidence to support her conviction.
 Sufficiency of the Evidence {¶ 11} Whether or not the State presented sufficient evidence is a question of law dealing with adequacy. State v. Thompkins
(1997), 78 Ohio St.3d 380, 386. The appellate court views the evidence in the light most favorable to the State and determines whether any rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt.State v. Goff (1998), 82 Ohio St.3d 123, 138 citing State v.Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 12} In the present case, Faith was charged with resisting arrest in violation of R.C. 2921.33 (A) which provides that "[n]o person, recklessly or by force, shall resist or interfere with a lawful arrest of the person or another." Faith claims that the State failed to present any evidence at trial that she was ever lawfully placed under arrest. Notably, in her brief, Faith does not challenge whether an arrest would be proper based on the domestic violence charge. Faith merely argues that she was unaware that she was being placed under arrest. The transcript of the trial, however, demonstrates otherwise.
 {¶ 13} First, Sergeant Foley testified that prior to Faith arriving at the station, he had been typing up charges against her for domestic violence. He had spoken with Faith's father, her mother, and her sister regarding what had happened at their home. Faith then arrived at the station to bring charges against her father. Sergeant Foley took a statement from Faith and then spoke with an assistant prosecutor who advised him to file a domestic violence charge against Faith, not against the father. After speaking with the prosecutor, he had Faith step into the lobby. He further testified.
 {¶ 14} "* * * I advised her that I have a warrant for her domestic violence, that she would be under arrest. She then said, `This is bull shit,' and turned around and walked out the door, heading towards the exit door to the outside."
 {¶ 15} * * *
 {¶ 16} "At that point I grabbed her by the coat, again told her she was under arrest, and pulled her back in."
 {¶ 17} * * *
 {¶ 18} "At the time she still become (sic) argumentative and irate. And so, I told her, I says I asked her — told her to turn around, I was going to put her in handcuffs, but she refused.
 {¶ 19} "So, I grabbed her. She kept on fighting with me, pulling away. So, I finally grabbed her around the neck with my right arm, and grabbed her left arm, and at that time I also told her friend to go out, when she first started resisting, I told her friend to go back out in the lobby, which he did comply."
 {¶ 20} * * *
 {¶ 21} "So I grabbed her by both arms and at that time Dispatcher Endicott came out and asked if I needed any assistance. And I told her, `No.'
 {¶ 22} "And then so, I escort Ms. Faith all the way to the elevator, in that hold. When we got to the elevator I advised her that if she would settle down, calm down, that I would let her go."
 {¶ 23} * * *
 {¶ 24} "She was trying to pull away from me all the time to keep from being handcuffed."
 {¶ 25} * * *
 {¶ 26} "And to keep from going upstairs. She said, she was pretty adamant she wasn't going to go upstairs."
 {¶ 27} Next Dispatcher Jennifer Swords testified:
 {¶ 28} "She thought she was going to be leaving, but he had spoke to the prosecutor-on-call and he told her that he had spoke to the prosecutor-on-call and under advisement by them that he was going to be arresting her for domestic violence." * * *
 {¶ 29} "He was charging her with domestic violence, after I spoke with the prosecutor-on-call."
 {¶ 30} * * *
 {¶ 31} "There was another male subject with her that was standing over closer to the door. She turned around, and she's like, `You're not arresting me for nothing, I'm out of here.' She opened the door, and started out the door, and he grabbed her, I think it was the back of a coat and pulled her back in and that's when she started resisting."
 {¶ 32} Finally, Dispatcher Jacklyn Endicott took the stand When asked what she heard Sergeant Foley say to Faith, Endicott testified:
 {¶ 33} "That she was under arrest for domestic violence, um, she uh, she didn't agree with it, and he was trying to explain to her how he didn't have a choice in the matter, that domestic violence was cut and dry. There was a complaint — a complaint filed against her, and that he had to arrest her regardless of the way he felt or she felt."
 {¶ 34} Viewing the testimony of these three witnesses in a light most favorable to the State, a reasonable trier of fact could conclude both 1) that Faith was told by Sergeant Foley that she was being placed under arrest; and, 2) that she resisted the arrest. Accordingly, it appears the evidence presented by the State was sufficient to sustain appellant's conviction of resisting arrest and Faith's second assignment of error is meritless.
 Manifest Weight {¶ 35} Notably, the trial in this case revolved around two different stories about the same event, either one of which, if believed, would be sufficient evidence to prove or disprove the prosecution's case. Thus, the real issue in this case is one of credibility or weight, rather than sufficiency. This brings us to Faith's remaining assignment of error which states:
 {¶ 36} "The conviction of Appellant upon a charge of resisting arrest in violation of Ohio Revised Code 2921.33 was against the manifest weight of the evidence."
 {¶ 37} A manifest weight argument, as opposed to one that addresses sufficiency, requires the reviewing court to engage in a limited weighing of the evidence to determine whether there is enough competent, credible evidence so as to permit reasonable minds to find guilt beyond a reasonable doubt and, thereby, to support the judgment of conviction. State v. Brooks (Sept. 25, 2001), 10th Dist. No. 00AP-1440 citing State v. Thompkins
(1997), 78 Ohio St.3d 380 at 387. Issues of witness credibility and concerning the weight to attach to specific testimony remain primarily within the province of the trier of fact, whose opportunity to make those assessments is superior to that of the reviewing court. State v. Bezak (Feb. 18, 1998), 9th Dist. No. C.A. 18533 citing State v. DeHass (1967), 10 Ohio St.2d 230,231.
 {¶ 38} Nonetheless, we must review the entire record. With caution and deference to the role of the trier of fact, the reviewing court weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way, creating such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against a conviction. Bezak, at 5-6 citing Thompkins, at 387.
 {¶ 39} Faith claims her conviction was against the manifest weight of the evidence since the state failed to prove that Faith was lawfully placed under arrest for domestic violence before she began resisting. As discussed above, the State put on three witnesses that testified to the contrary. After the State rested its case, Faith and her boyfriend Smith both took the stand in her defense. Faith testified repeatedly that she was never placed under arrest for domestic violence. Smith likewise testified that he never heard Sergeant Foley place Faith under arrest. The only explanation offered by Faith as to why her testimony conflicted with the State's witnesses was to say that they were all lying.
 {¶ 40} Ironically, the trial court remarked at the close of evidence that, "[s]omebody who testified here today either misremembered what was happening, or deliberately lied." Apparently, since the trial court found Faith guilty of the charged offense, it chose to believe the prosecution's version of the facts.
 {¶ 41} When reviewing the trial court's decision to convict Faith, this court must be mindful that the finder of fact is free to believe all, part, or none of the testimony of each witness who appears before it. State v. Caldwell (1992),79 Ohio App.3d 667. Notably, in State v. Awan (1986), 22 Ohio St.3d 120, 123, the Supreme Court emphasized that appellate courts must defer conflicts in the evidence to the trier of fact who had the opportunity to hear the witnesses and observe their demeanor:
 {¶ 42} "The choice between credible witnesses and their conflicting testimony rests solely with the finder of fact and an appellate court may not substitute its own judgment for that of the trier of fact."
 {¶ 43} Therefore, we will defer to the trial court's choice to believe the testimony of the state's three witnesses. Because these witnesses provided the trier of fact with enough competent credible evidence to support Faith's conviction, we cannot say the trial court clearly lost its way in its resolution of these issues of fact and credibility. Faith's first assignment of error is also meritless.
 {¶ 44} Accordingly, as Faith's conviction was neither based upon insufficient evidence nor against the weight of the evidence, the judgment of the trial court is affirmed.
Waite, P.J., Vukovich, J., concurs.