[Cite as *In re J.M.*, 2012-Ohio-5283.]

STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| IN RE: | ) | CASE NO.   12 JE 3 |
| | ) | |
| J.M. | ) | O P I N I O N |
| | ) | |
| | ) | |

CHARACTER OF PROCEEDINGS: Criminal Appeal from Common Pleas Court, Juvenile Division, Case No. 11DL193.

JUDGMENT: Affirmed.

APPEARANCES:
For Appellee:                                    Attorney Jane Hanlin
                                                 Prosecuting Attorney
                                                 Attorney Samuel Pate
                                                 Assistant Prosecuting Attorney
                                                 16001 State Route 7
                                                 Steubenville, Ohio  43952

For Appellant:                                   Attorney Timothy Young
                                                 Ohio Public Defender
                                                 Attorney Charlyn Bohland
                                                 Assistant Public Defender
                                                 250 East Broad Street, Suite 1400
                                                 Columbus, Ohio  43215

JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Mary DeGenaro

Dated:  November 9, 2012

VUKOVICH, J.

**{¶1}** Juvenile-appellant J.M. appeals from his adjudication as a delinquent on burglary and theft charges entered in the Jefferson County Juvenile Court. He raises sufficiency of the evidence, weight of the evidence, and ineffective assistance of counsel for failing to argue insufficient evidence in a motion for acquittal. For the following reasons, the judgment of the trial court is affirmed.

STATEMENT OF THE CASE

**{¶2}** Seventeen-year-old J.M. was charged with burglary, a second degree felony, and theft of a firearm, a third degree felony. At trial, the homeowner testified that a "neighbor kid" brought appellant to his house one day. They asked for a ride somewhere, which the homeowner could not provide. (Tr. 8). Appellant then asked the homeowner for permission to use his bathroom, and the homeowner stated that he could use the bathroom. (Tr. 6, 8). After appellant used the bathroom and left the residence, the homeowner went into his bedroom and found his gun missing. (Tr. 6). The homeowner then exited his house to confront appellant, who was on the other side of the street on the property of a neighbor. Appellant denied having the gun.

**{¶3}** The neighbor testified that he heard the confrontation and inquired into the situation. (Tr. 11). As he was speaking to the group, he witnessed appellant, whom he knew from the neighborhood, drop a gun under a pine tree. (Tr. 12). The neighbor then retrieved the gun, which belonged to the homeowner. (Tr. 7, 13).

**{¶4}** Appellant testified that he went to his father's house but found no one home. He then saw his friend N.K. (Tr. 16). He asked N.K. if he knew where he could use a bathroom. Appellant testified that N.K. brought him to the homeowner's house. They knocked, and the homeowner told them to enter. He then let appellant use his bathroom. Appellant said that he came right back down after using the bathroom without going in any other rooms and that N.K. then went upstairs. (Tr. 17). Appellant claimed that when they went outside, N.K. revealed that he had taken a gun from the house. Appellant denied stealing or possessing the gun and denied dropping it under the tree. (Tr. 19).

{¶5} On February 29, 2012, the juvenile court adjudicated appellant delinquent of the charged offenses. Appellant was sentenced to an indefinite term in the custody of the Ohio Department of Youth Services with a minimum sentence of one year. Appellant filed a timely notice of appeal.

## ASSIGNMENT OF ERROR NUMBER ONE

{¶6} Appellant sets forth three assignments of error, the first of which provides:

{¶7} "The juvenile court erred when it adjudicated [J.M.] delinquent of burglary when no evidence was presented to prove that [J.M.] trespassed or had the intent to commit a criminal offense." (Citations omitted.)

{¶8} Sufficiency of the evidence deals with the adequacy rather than the weight or persuasiveness of the evidence. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). Whether the evidence is legally sufficient to sustain a verdict is a question of law. *Id.* In viewing a sufficiency of the evidence argument, we evaluate the evidence in the light most favorable to the prosecution. *State v. Goff*, 82 Ohio St.3d 123, 138, 694 N.E.2d 916 (1998). A conviction cannot be reversed on grounds of sufficiency unless the reviewing court determines that no rational juror could have found that the elements of the offense were proven beyond a reasonable doubt. *Id.*; *State v. Smith*, 80 Ohio St.3d 89, 113, 684 N.E.2d 668 (1997).

{¶9} Appellant was adjudicated delinquent for committing the offense of burglary in violation of R.C. 2911.12(A)(1), which states that no person, by force, stealth, or deception, shall trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense.

{¶10} First, appellant contends that there was no evidence that he entered the bedroom. However, the homeowner testified that his gun had been in his bedroom, that appellant used his bathroom, and that his gun was missing from his bedroom

after appellant left. The homeowner confronted appellant, who was seen dropping the victim's gun under a pine tree. Circumstantial evidence has the same probative value as direct evidence. *State v. Jenks*, 61 Ohio St.3d 259, 271-273, 574 N.E.2d 492 (1991). Viewing the evidence in the light most favorable to the prosecution, some reasonable person could conclude that appellant took the gun from the bedroom.

**{¶11}** Appellant also contends that there is no evidence that he had a purpose to commit a criminal offense. However, as there is sufficient evidence that he took the gun, there is sufficient evidence that he developed a purpose to commit a criminal offense (here a theft offense) at some point while he was in the bedroom. Notably, the fact that a person does not develop the intent to commit a criminal offense until they are already inside is of no consequence. *State v. Gardner*, 118 Ohio St.3d 420, 2008-Ohio-2787, 889 N.E.2d 995, ¶ 33; *State v. Fontes*, 87 Ohio St.3d 527, 530, 721 N.E.2d 1037 (2000); *State v. Moore*, 7th Dist. No. 00AP0741 (Nov. 7, 2001). In other words, purpose to commit a criminal offense can occur at any point during the trespass. *Id.* Thus, any suggestion that appellant may not have formed the intent to steal until he noticed the gun is not dispositive of the intent element.

**{¶12}** Trespass entails knowingly entering or remaining on the land or premises of another without privilege to do so. R.C. 2911.10; R.C. 2911.21(A)(1). Appellant emphasizes that he had permission to enter the house and to use the bathroom. He claims that there is no evidence that the bathroom was not a room accessed through the bedroom, meaning that he may have had permission to enter the bedroom in order to get to the bathroom. Although the homeowner was not specifically asked if the bathroom had to be accessed through the bedroom, his answers establish that the rooms were separate. That is, the homeowner stated that he gave appellant permission to use his bathroom but did not give him permission to go into his bedroom. (Tr. 6). Moreover, appellant testified that he used the bathroom and went nowhere else. (Tr. 17).

**{¶13}** Appellant next argues that there was no evidence that he trespassed by force, stealth, or deception. The homeowner testified that appellant did not have permission to enter a bedroom, which testimony established was separate from the bathroom. The state thus concludes that appellant entered a separately secured or separately occupied portion of the occupied structure without permission. This part of the statute is often used where, for instance, a person has permission to enter a store but then enters a door reading, "employees only." *See, e.g., State v. Cooper*, 168 Ohio App.3d 378, 2006-Ohio-4004, 860 N.E.2d 135 (2d Dist.). The situation is a bit different when a person is in a house with permission.

**{¶14}** Thus, we continue to address appellant's argument that there was not shown to be force, stealth, or deception. There is no allegation of force here as the state produced no evidence about closed doors or where the gun was located within the bedroom.

**{¶15}** Stealth is regularly defined as "any secret, sly or clandestine act to avoid discovery and to gain entrance into or to remain within a residence of another without permission." *State v. Sims*, 8th Dist. No. 84090, 2005-Ohio-1978; *State v. Ward*, 85 Ohio App.3d 537, 540, 620 N.E.2d 168 (3d. Dist.1993). A rational person could find that appellant accidentally entered the bedroom on his way to the bathroom and then stole the gun that he happened to notice. On the other hand, it would also be rational to conclude that appellant went beyond the scope of his permission to use the bathroom by entering the bedroom in a secretive manner. This seems to be a weight, rather than a sufficiency issue. However, courts are reluctant to infer stealth without some evidence tending to show the defendant attempted to be secretive by, for instance, staking a place out, or running, or hiding. *See, e.g., State v. Howard*, 8th Dist. No. 85500, 2005-Ohio-5135, ¶12-13 (holding that the question, "How else could he have made entry?" is not evidence); *State v. Pullen*, 2d Dist. No. 91CA33 (June 25, 1992) (entering door that is ajar without permission does not mean that entry was by stealth even though defendant was seen leaving with a gas can; rejecting state's argument that defendant's entrance into garage was "stealthy" in that

he obviously believed no one was looking, and that he could enter and leave without being noticed).

**{¶16}** Without expressing our opinion on the correctness of these cases, we shift our analysis to consider whether the evidence, viewed in the light most favorably to the state, shows that appellant trespassed by deception. Deception is defined (in the theft chapter) as knowingly deceiving another or causing another to be deceived by any false or misleading representation, by withholding information, by preventing another from acquiring information, or by any other conduct, act, or omission that creates, confirms, or perpetuates a false impression in another, including a false impression as to law, value, state of mind, or other objective or subjective fact. *See* R.C. 2913.01(A); *In re Meachem*, 10th Dist. No. 01AP-1122, 2002-Ohio-2243, ¶ 18 (applying this definition of deception to burglary).

**{¶17}** Merely because one has permission to enter a residence does not negate the trespass element where the defendant gained permission by lying to the resident about why he wishes to enter. *See* R.C. 2911.12(A)(1) (burglary statute includes trespasses by force, stealth, *or deception*); R.C. 2911.21(C) (trespass statute specifically provides that it is no defense that the offender was authorized to enter or remain on the land or premises involved if such authorization was secured by deception). *See also State v. Dukes*, 3d Dist. Nos. 1-02-64, 1-02-92, 1-02-93, 2003-Ohio-2386, ¶ 23 (defendant lied about being sent to house to make a phone call and then faked the phone call).

**{¶18}** A reasonable person could conclude that appellant entered the house and received permission to use the bathroom by deception, i.e. that he lied about needing to use the bathroom in order to steal from the residence. Inference is permissible where that inference is based upon a fact in evidence. *State v. Jordan*, 89 Ohio St.3d 488, 495, 733 N.E.2d 601 (2000). The fact in evidence is appellant's statement that he needed to use the bathroom. There also exists the fact that appellant ended up with a stolen gun.

**{¶19}** Merely because appellant said that he needed to use the bathroom does not require the fact-finder to take this statement as true. (Notably, his other

statement to the homeowner, that he did not have his gun, was untrue as the neighbor immediately thereafter saw appellant drop the gun.) Just as intent is often something that exists only within the mind of the defendant and thus often cannot be directly proven, so is the need to use a restroom a statement that the state cannot directly disprove. *See State v. Houseman*, 7th Dist. No. 98BA4 (June 29, 2000). As stated previously, circumstantial evidence carries the same probative value as direct evidence. *Jenks*, 61 Ohio St.3d at 271-273.

**{¶20}** Appellant contends the conclusion that he obtained permission by deception results in the use of too many inferences since we already have to infer that it was him that stole the gun. He states that an element of an offense may not be proven by an inference drawn solely upon another inference.

**{¶21}** The fact-finder may not draw an inference based entirely upon another inference, unsupported by any additional fact or another inference from other facts. *State v. Cowan*, 87 Ohio St.3d 68, 79, 717 N.E.2d 298 (1999), citing *Hurt v. Charles J. Rogers Transp. Co.*, 164 Ohio St. 329, 58 O.O. 122, 130 N.E.2d 820 (1955). However, an inference based in part upon another inference and in part upon facts is a "parallel inference" and such inference may be indulged in if reasonable. *Id.*

**{¶22}** Here, the identity of who took the gun was a separate element. Any inference that the perpetrator was appellant (because he used the bathroom upstairs and was soon thereafter seen dropping the gun under a tree) was not used to reach the inference that appellant lied about needing to use the bathroom. Thus, no inferences were stacked. Plus, as aforementioned, any inferences were based upon actual facts in the record.

**{¶23}** As appellant points out, the testimony of the homeowner was not as thoroughly developed as it could have been. However, the testimony presented allows some reasonable person to find that the elements of burglary were proven beyond a reasonable doubt. Hence, this assignment of error is overruled.

<u>ASSIGNMENT OF ERROR NUMBER TWO</u>

**{¶24}** Appellant's second assignment of error is more succinctly set forth in his issue presented where he asks:

**{¶25}** "Was the juvenile court's finding of delinquency against the manifest weight of the evidence?"

**{¶26}** Weight of the evidence deals with the inclination of the greater amount of credible evidence to support one side of the issue over the other. *Thompkins*, 78 Ohio St.3d at 387. In reviewing a manifest weight of the evidence argument, the reviewing court examines the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in the evidence, the trial court clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *Id.*

**{¶27}** A reversal on weight of the evidence is ordered only in exceptional circumstances. *Id.* In conducting our review, we proceed under the theory that when there are two conflicting versions of events, neither of which is unbelievable, it is not our province to choose which one should be believed. *State v. Gore*, 131 Ohio App .3d 197, 201, 722 N.E.2d 125 (7th Dist.1999). Rather, we defer to the jury who was best able to weigh the evidence and judge the credibility of witnesses by viewing the demeanor, voice inflections, and gestures of the witnesses testifying before it. *See Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1994); *State v. DeHass*, 10 Ohio St.2d 230, 231, 227 N.E.2d 212 (1967).

**{¶28}** Appellant complains here that the state's evidence was fragmentary and that it left open many questions. He notes that the homeowner did not testify where exactly in the bedroom the gun had been or where the bedroom was located in relation to the bathroom. He asks why the homeowner would let a "kid from the neighborhood" into his house. He asks why the homeowner went upstairs to look for his gun right after they left his house.

**{¶29}** It is true that it would have been more enlightening had the state attempted to elicit more testimony from the homeowner. However, there is nothing unusual about opening one's door to a "neighborhood kid." Once they are engaged in conversation and one of the visitors asks to use the bathroom, the homeowner would likely feel uncomfortable with allowing the person who is not well known to him

to use his bathroom; however, he would also feel uncomfortable denying the "kid" the use of his bathroom. This could also explain why the homeowner immediately went upstairs to see if anything was missing, such as his firearm.

**{¶30}** The trial court chose not to believe appellant's testimony that he came downstairs immediately after using the bathroom and that he did not steal the gun from the house. Appellant's credibility was further diminished by his denial that he ever held the gun as the neighbor testified that he witnessed appellant dropping the gun under his tree. The trial court watched the homeowner, the neighbor, and appellant as they testified. The court occupied the best position from which to view the voice inflections, eye movements, gestures, and general demeanor of these witnesses. The trial court's decision was not contrary to the manifest weight of the evidence. Consequently, this assignment of error is overruled.

ASSIGNMENT OF ERROR NUMBER THREE

**{¶31}** Appellant's third and final assignment of error contends:

**{¶32}** "[JM] was denied the effective assistance of counsel as guaranteed by the [Constitution]."

**{¶33}** Appellant argues that his counsel was ineffective for failing to file a Crim.R. 29 motion for acquittal at trial. This argument is apparently made in case we hold that he waived his sufficiency argument supra by failing to raise insufficient evidence to the trial court.

**{¶34}** However, a defendant does not waive a sufficiency argument by failing to file a motion for acquittal as a not guilty plea preserves sufficiency arguments for purposes of appeal. *State v. Jones*, 91 Ohio St.3d 335, 346, 744 N.E.2d 1163 (2001) ("Appellant's 'not guilty' plea preserved his right to object to the alleged insufficiency of the evidence"), citing *State v. Carter*, 64 Ohio St.3d 218, 594 N.E.2d 595 (1992). Even before *Carter* and *Jones* extended the concept to a jury trial, the rule was well established that a not guilty plea preserves sufficiency for purposes of appeal after a bench trial (which was the case here). *Dayton v. Rogers*, 60 Ohio St.2d 162, 163, 398 N.E.2d 781 (1979). Finally, this court has repeatedly reiterated the premise that sufficiency is not waived by failing to seek acquittal at trial. *State v. Pepin-McCaffrey*,

186 Ohio App.3d 548, 2010-Ohio-617, 929 N.E.2d 476, ¶ 51-52; *State v. Nichols*, 7th Dist. No. 07JE50, 2009-Ohio-1027, ¶ 23; *State v. West*, 7th Dist. No. 05JE57, 2007-Ohio-5240, ¶ 67; *State v. Clutter*, 7th Dist. No. 03CO33, 2004-Ohio-1372, ¶ 11; *State v. Faith*, 7th Dist. No. 03CO48, 2004-Ohio-3048, ¶ 8.

**{¶35}** As such, this assignment of error is unnecessary as sufficiency can be addressed in assignment of error number one without regard to whether a motion to acquit had been filed at trial.

**{¶36}** For the foregoing reasons, the judgment of the trial court is hereby affirmed.

Donofrio, J., concurs.
DeGenaro, J., concurs.