[Cite as *State v. Fisher*, 2022-Ohio-3424.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
NOBLE COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

JUSTIN W. FISHER,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 21 NO 0486**

---

Criminal Appeal from the
Court of Common Pleas of Noble County, Ohio
Case No. 221-2051

**BEFORE:**
David A. D'Apolito, Gene Donofrio, Cheryl L. Waite, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Jordan C. Croucher,* Noble County Prosecuting Attorney, 150 Courthouse, Caldwell, Ohio 43724, for Plaintiff-Appellee and

*Atty. Clifford N. Sickler,* 508 North Street, Caldwell, Ohio 43724, for Defendant-Appellant.

Dated: September 19, 2022

**D'APOLITO, J.**

{¶1} Appellant, Justin W. Fisher, appeals from the December 6, 2021 judgment of the Noble County Court of Common Pleas convicting him for burglary, obstructing official business, and criminal trespass following a trial by jury and sentencing him to a total of 12 months in prison. On appeal, Appellant asserts that Appellee, the State of Ohio, presented insufficient evidence to support his burglary conviction. Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL HISTORY

{¶2} On August 5, 2021, Appellant was indicted by the Noble County Grand Jury on five counts: count one, burglary, a felony of the fourth degree, in violation of R.C. 2911.12(B); count two, obstructing official business, a misdemeanor of the second degree, in violation of R.C. 2921.31(A); and counts three, four, and five, criminal trespass, misdemeanors of the fourth degree, in violation of R.C. 2911.21(A)(1). Appellant was appointed counsel and entered a not guilty plea at his arraignment.

{¶3} A trial by jury was held on October 20, 2021.

{¶4} The State presented ten witnesses: (1) Leanne Fogle, Deputy Sheriff with the Noble County Sheriff's Department ("NCSD"); (2) William Morris, Enforcement Division Sergeant with NCSD; (3) and (4) Clayton and Jacqueline Brown, husband and wife property owners of 14788 Brown Road; (5) Rita Mika, property owner of 15250 Johnny Woods River Road; (6) Nelson Roe, neighbor of Robert and Connie Bond; (7) and (8) Robert and Shawna Lowry, husband and wife property owners of 50895 Wargo Road and neighbors of Roe; and (9) and (10) Robert and Connie Bond, husband and wife property owners of 15200 Johnny Woods River Road.

{¶5} The incident at issue occurred on or about July 19, 2021 in Noble County, Ohio. Deputy Fogle responded to a call around 2:20 p.m. that reported a suspicious man, later identified as Appellant, was trespassing on the Brown's property located on Brown Road. Another call was received from the Bonds that a suspicious man, also later identified as Appellant, was trespassing on their property located on Johnny Woods River Road.

{¶6} Prior to trespassing on the Bonds' property, Deputy Fogle made contact with Appellant as he was walking through Mika's field. Deputy Fogle yelled for Appellant to stop and come talk with her. Appellant ignored her request and took off into the neighboring woods. Sergeant Morris testified the only way for Appellant to have entered the Bonds' property from the woods would have involved him crossing the Bonds' electric fence.

{¶7} Sergeant Morris made contact with the Bonds, who had a video of Appellant walking around in their garage for about 15 seconds. The video recording was submitted into evidence and played for the jury. (State's Exhibit E). Mr. Bond testified that their security sensor was triggered which set off an alarm and initiated the video recording of Appellant as he trespassed through their yard and into their attached garage. Mr. Bond asked Appellant what he was doing and Appellant responded that he was just looking around.

{¶8} Mr. Bond indicated the camera was installed on their outbuilding facing their home. Mr. Bond said that people who normally come to their home simply travel up the driveway from the road. Mr. Bond noted that based on when and how the security sensor was triggered, Appellant would have had to traverse through a 60-acre field and through their backyard before coming into view of the camera. Once Appellant neared the home and was on camera, he was seen looking around to see if anyone was watching him. Mr. Bond stated Appellant had no reason nor any privilege to be on their property. Mr. Bond believed Appellant took measures to avoid detection because walking through the field the distance Appellant did would have been about one mile. Mr. Bond indicated Appellant complied with his request to leave the garage and Appellant asked for a ride home.

{¶9} Mrs. Bond testified that by obtaining access to their home from the direction that Appellant did, he was able to avoid detection by their security system for a longer period of time than would have been possible had he approached their home from the road. Mrs. Bond said there are no windows in the garage leading into the home where Appellant could have been seen and that the approach Appellant took from the field into the garage was the best method to avoid detection. Neither Mr. Bond nor Mrs. Bond knew Appellant prior to this incident.

{¶10} At the conclusion of the State's case, Appellant moved for an acquittal pursuant to Crim.R. 29, which was overruled by the trial court. The defense did not present any witnesses.

{¶11} The jury found Appellant guilty on counts one (burglary), two (obstructing official business), and three and four (criminal trespass), and not guilty on count five (criminal trespass).

{¶12} On December 6, 2021, following a sentencing hearing, the trial court concurrently sentenced Appellant to a total term of 12 months in prison, with 108 days credit for time served.

{¶13} Appellant filed a timely appeal and raises one assignment of error.

## ASSIGNMENT OF ERROR

**THE CONVICTION FOR BURGLARY WAS NOT SUPPORTED BY THE SUFFICIENCY OF EVIDENCE AS THE ELEMENTS OF STEALTH, FORCE, OR DECEPTION WERE NOT PROVEN BEYOND A REASONABLE DOUBT.**

{¶14} In his sole assignment of error, Appellant only takes issue with his burglary conviction, arguing that it was not supported by sufficient evidence because the elements of stealth, force, or deception were not proven beyond a reasonable doubt. Appellant stresses his encounter with the property owner was no more than 15 seconds, he did not remove anything from the garage, he ultimately left the property, and he requested a ride home.

> "When a court reviews a record for sufficiency, '(t)he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" *State v. Maxwell*, 139 Ohio St.3d 12, 2014-Ohio-1019, 9 N.E.3d 930, ¶ 146, quoting *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus; *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

Case No. 21 NO 0486

*State v. T.D.J.*, 7th Dist. Mahoning No. 16 MA 0104, 2018-Ohio-2766, ¶ 46.

{¶15} For the reasons addressed below, we determine that the burglary conviction is supported by sufficient evidence.

{¶16} Appellant takes issue with the guilty finding for burglary, a felony of the fourth degree, in violation of R.C. 2911.12(B), which states: "No person, by force, stealth, or deception, shall trespass in a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present."

{¶17} "Stealth is regularly defined as 'any secret, sly or clandestine act to avoid discovery and to gain entrance into or to remain within a residence of another without permission.' *State v. Sims,* 8th Dist. No. 84090, 2005-Ohio-1978; *State v. Ward,* 85 Ohio App.3d 537, 540, 620 N.E.2d 168 (3d. Dist.1993)." *In re J.M.,* 7th Dist. Jefferson No. 12 JE 3, 2012-Ohio-5283, ¶ 15.

{¶18} The record establishes that the element of "stealth" was supported by competent, probative evidence. *See State v. Petefish*, 7th Dist. Mahoning No. 10 MA 78, 2011-Ohio-6367, ¶ 16. Appellant did not use the main road to come up the Bonds' driveway to access their garage. Rather, Appellant made significant efforts to conceal himself in a wooded area in order to avoid law enforcement, went under or through an electric fence, traveled about one mile through a 60-acre pasture and the Bond's backyard, looked around to see if he was being watched, and made entry into the attached garage. Appellant chose the route and access method that provided the most cover to avoid detection. Despite the presence of two vehicles in the garage indicating the homeowners were present, Appellant made no attempt to speak to them or gain their attention before entering their garage as a means to avoid detection. *See, e.g., Ward*, *supra,* at *540 (the appellant's burglary conviction was affirmed because the trespass was committed by stealth since his appearance in the victim's backyard at a time when she was mowing her lawn and had her back to the home, coupled with the appellant's failure to make contact, evidenced his desire to avoid detection as he entered the garage); R.C. 2911.12(B). Appellant knew that the home was the habitation of another and it was likely that someone was present at the time he entered the property.

{¶19} Pursuant to *Jenks, supra*, there is sufficient evidence upon which the jury could reasonably conclude beyond a reasonable doubt that the elements of burglary were proven. Thus, the trial court did not err in overruling Appellant's Crim.R. 29 motion.

## CONCLUSION

{¶20} For the foregoing reasons, Appellant's sole assignment of error is not well-taken. The December 6, 2021 judgment of the Noble County Court of Common Pleas convicting Appellant for burglary, obstructing official business, and criminal trespass following a trial by jury and sentencing him to a total of 12 months in prison is affirmed.

Donofrio, P.J., concurs.

Waite, J., concurs.

Case No. 21 NO 0486

_____

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Noble County, Ohio, is affirmed. Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**