[Cite as *State v. Acord*, 2023-Ohio-2126.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO

      Plaintiff-Appellant

-vs-

DANIEL J. ACORD

      Defendant-Appellant

JUDGES:
Hon. William B. Hoffman, P. J.
Hon. John W. Wise, J.
Hon. Craig R. Baldwin, J.

Case No. 2022 CA 00110

O P I N I O N


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Criminal Appeal from the Court of Common Pleas, Case No. 2022 CR 00474 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | June 26, 2023 |


APPEARANCES:

For Plaintiff-Appellee

JENNY WELLS
PROSECUTING ATTORNEY
KENNETH W. OSWALT
ASSISTANT PROSECUTOR
20 South Second Street, 4th Floor
Newark, Ohio 43055

For Defendant-Appellant

BRIAN A. SMITH
BRIAN A. SMITH LAW FIRM LLC
123 South Miller Road
Suite 250
Akron, Ohio 44333

*Wise, J.*

{¶1}    Defendant-Appellant Daniel J. Acord appeals his conviction on one count of burglary entered in the Licking County Court of Common Pleas following a jury trial.

{¶2}    Appellee is the state of Ohio.

**STATEMENT OF THE FACTS AND CASE**

{¶3}    For purposes of this appeal, the relevant facts and procedural history are as follows:

{¶4}    On July 19, 2022, at approximately 5:25 A.M., Stacy Shannon was awakened by what she called "a tickle on my leg, I guess, and someone was covering me up with a blanket." (T. at 93). Shannon described the individual covering her, whom she later identified as Appellant Daniel J. Acord, as wearing only "[b]oxer shorts," and that he did not have a shirt on. (T. at 93-94). Shannon testified that she told Appellant to "get the heck out, and if he didn't hurry up and go, I was calling the police." (T. at 95). Shannon testified that she repeatedly told Appellant to "get out." (T. at 95-96).

{¶5}    Shannon testified that she did not have a land line and that she kept her cell phone in her purse, but that when she looked for it, it was not there. (T. at 96-97). She then began beating on her wall, alerting her neighbor Mark Cotter. (T. at 97-98). Cotter testified that he came to Shannon's residence, heard her screaming "[g]et out; get out; get out," and "pulled the door open and pulled the guy out of there." (T. at 116). Cotter testified that when he pulled Appellant out of the apartment, Appellant "hit me with his-he had one of those vape-bigger vape containers." (T. at 117). Cotter then called 911 using his phone. (T. at 117-118). Shannon testified that Appellant "took off' after hitting Cotter.

(T. at 98). Shannon claimed that Appellant took her cell phone, "[a] pack and a half' of cigarettes, and $160.00 in cash from her apartment. (T. at 111).

{¶6} Shannon testified that she saw Appellant again later that day near the steps leading to her apartment. (T. at 104). She testified that she began screaming at him, "Get the heck out; get out; get out," after which Appellant "stood there for a minute, looked at me, and he finally turned around and walked out." (T. at 104-105).

{¶7} On July 28, 2022, Appellant Daniel J. Acord was indicted on one count of Burglary, in violation of R.C. §2911.12(A)(1), a second-degree felony.

{¶8} Appellant was arraigned and pleaded not guilty.

{¶9} On August 18, 2022, Appellant, through counsel, filed a Motion for Psychiatric Evaluation to Determine Defendant's Competency to Stand Trial.

{¶10} On August 22, 2022, the trial court ordered a psychiatric evaluation be conducted.

{¶11} On November 2, 2022, based upon the psychiatric evaluation report, the trial court found that Appellant was capable of understanding the nature and objective of the proceedings and of assisting in his defense, and found him competent to stand trial.

{¶12} On November 15, 2022, the case proceeded to a jury trial.

{¶13} On November 15, 2022, the jury found Appellant guilty on the sole count contained in the Indictment.

{¶14} On November 16, 2022, the trial court sentenced Appellant to 6 to 9 years in prison.

{¶15} Appellant now appeals, raising the following assignments of error:

**ASSIGNMENTS OF ERROR**

{¶16} "I. APPELLANT'S CONVICTION FOR BURGLARY WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE.

{¶17} "II. APPELLANT'S CONVICTION FOR BURGLARY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶18} "III. R.C. 2967.171, ALSO KNOWN AS THE "REAGAN TOKES ACT," WHICH ALLOWS THE OHIO DEPARTMENT OF REHABILITATION AND CORRECTION TO UNILATERALLY EXTEND APPELLANT'S SENTENCE, IS UNCONSTITUTIONAL UNDER BOTH THE UNITED STATES CONSTITUTION, ARTS. I, II, AND III, AND AMENDS. V, VI AND XIV, AND THE OHIO CONSTITUTION, ART. I, § 10, AND ART. IV, §§ 1 AND 3(B)(2)."

**I., II.**

{¶19} In his first and second Assignments of Error, Appellant argues his conviction is against the manifest weight and sufficiency of the evidence. We disagree.

{¶20} The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different. *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541, paragraph two of the syllabus. The standard of review for a challenge to the sufficiency of the evidence is set forth in *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991) at paragraph two of the syllabus, in which the Ohio Supreme Court held, "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the

evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."

**{¶21}** In determining whether a conviction is against the manifest weight of the evidence, the court of appeals functions as the "thirteenth juror," and after "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered." *State v. Thompkins*, supra, 78 Ohio St.3d at 387. Reversing a conviction as being against the manifest weight of the evidence and ordering a new trial should be reserved for only the "exceptional case in which the evidence weighs heavily against the conviction." *Id.*

**{¶22}** Appellant herein was convicted of Burglary, in violation of R.C. §2911.12(A)(1), which provides, in relevant part:

(A) No person, by force, stealth, or deception, shall do any of the following:

(1) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense[.]

**{¶23}** Appellant herein argues that there was insufficient evidence to show that he entered Shannon's apartment with purpose to commit a criminal offense. Appellant claims

that the State's arguments that he committed a theft offense and/or an assault during the trespass into Shannon's apartment were both insufficient.

**{¶24}** "A person acts purposely when it is the person's specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is the offender's specific intention to engage in conduct of that nature." R.C. §2901.22(A).

**{¶25}** In the average case, "[t]o establish the 'any criminal offense' prong of the burglary statute, the State is required to show that the defendant 'invaded the dwelling for the purpose of committing a crime or that he formed that intent during the trespass.' " *State v. Hudson,* 2d Dist. Montgomery No. 27561, 2018-Ohio-423, ¶ 22, quoting *State v. Gardner,* 118 Ohio St.3d 420, 2008-Ohio-2787, ¶ 33, citing *State v. Fontes*, 87 Ohio St.3d 527 (2000), syllabus.

**{¶26}** " 'The purpose with which a person does an act is determined from the manner in which it is done, the means or weapon used, and all the other facts and circumstances in evidence.' " *Hudson* at ¶ 22, quoting *State v. Johnson*, 11th Dist. Lake No. 2006-L-259, 2007-Ohio-5783, ¶ 40.

**{¶27}** Upon review of the record, we find that the State presented testimony from the victim that Appellant entered her apartment, while she was sleeping, and that afterward her cell phone, $160 in cash and her cigarettes were missing. This testimony, if believed by the jury, was sufficient to support the State's theory that Appellant committed a theft offense while trespassing in the victim's apartment.

**{¶28}** "[O]n review for evidentiary sufficiency we do not second-guess the jury's credibility determinations; rather, we ask whether, '*if believed*, [the evidence] would

convince the average mind of the defendant's guilt beyond a reasonable doubt.' " *State v. Murphy*, 91 Ohio St.3d 516, 543, 747 N.E.2d 765 (2001), *quoting Jenks* at paragraph two of the syllabus. We will not "disturb a verdict on appeal on sufficiency grounds unless 'reasonable minds could not reach the conclusion reached by the trier-of-fact.' " *State v. Ketterer,* 111 Ohio St.3d 70, 2006-Ohio-5283, 855 N.E.2d 48, ¶ 94, *quoting State v. Dennis*, 79 Ohio St.3d 421, 430, 683 N.E.2d 1096 (1997); *State v. Montgomery*, 148 Ohio St.3d 347, 2016-Ohio-5487, 71 N.E.3d 180, ¶74.

**{¶29}** When viewed in a light most favorable to the State, we find this evidence sufficient from which a rational trier of fact could have found Appellant trespassed with purpose to commit a criminal offense.

**{¶30}** Having found sufficient evidence to support the theft offense, we will not address the alternate theory of an assault offense having also occurred during the trespass.

**{¶31}** Appellant also argues that his conviction was against the manifest weight of the evidence because the State failed to show that he used "force, stealth or deception" to gain entrance to Shannon's apartment.

**{¶32}** Here, the victim testified that when she went to bed that evening, the door to her apartment was closed and locked. (T. at 93, 97, 108, 110).

**{¶33}** Under Ohio law, the opening of a door falls within the definition of force, even if the door if unlocked. *State v. McLeod*, 5th Dist. Licking No. 14 CA 53, 2015-Ohio-93; *State v. Shirley*, 9th Dist. No. 20569, 2002 WL 5177 at *2 (Jan. 2, 2002); *State v. Hibbard*, 12th Dist. Nos. CA 2001–12–276, CA 2001–12,286, 2003–Ohio–707. Additionally, to further open a door which is already partially open is considered force.

*Goins v. State* (1914), 90 Ohio St. 176; *State v. Stump,* 5th Dist. Perry County, 13-CA-0006, 2014-Ohio-1706.

**{¶34}** Stealth has been defined as "any secret, sly or clandestine act to avoid discovery and to gain entrance into or to remain within a residence of another without permission." *State v. Ward*, 85 Ohio App.3d 537, 540, 620 N.E.2d 168, 170 (3d Dist. Hancock 1993).

**{¶35}** Again, the victim herein testified that she was asleep that night when Appellant entered her apartment without permission. Viewed in a light most favorable to the State, we find this evidence sufficient from which a rational trier of fact could have found Appellant entered the room by stealth.

**{¶36}** The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967). The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger*, 77 Ohio St.3d 415, 418, 674 N.E.2d 1159 (1997).

**{¶37}** Based on the foregoing, we find the jury did not lose its way in finding Appellant entered by force or stealth, and the judgment is not against the manifest weight of the evidence.

**{¶38}** Appellant's first and second assignments of error are overruled.

**III.**

**{¶39}** In his third assignment of error, Appellant challenges the constitutionality of the Reagan Tokes Act, specifically R.C. §2967.271, which codified hybrid indefinite prison terms for first- and second-degree felonies. Appellant argues that the Act violates the

separation of powers doctrine, the constitutional right to trial by jury, due process and equal protection.

**{¶40}**  For the reasons set forth in this Court's opinion in *State v. Householder*, 5th Dist. Muskingum No. CT2021-0026, 2022-Ohio-1542, 2022 WL 1439978, we find the Reagan Tokes Act is constitutional.

**{¶41}**  Appellant's third assignment of error is overruled.

**{¶42}**  For the foregoing reasons, the judgment of the Court of Common Pleas, Licking County, Ohio, is affirmed

By: Wise, P. J.

Hoffman, P. J., and

Baldwin, J., concur.

JWW/kw 0622