[Cite as *State v. Patton*, 2013-Ohio-961.]

IN THE COURT OF APPEALS FOR CLARK COUNTY, OHIO

STATE OF OHIO                          :

      Plaintiff-Appellee             :            C.A. CASE NO.    2011 CA 94

v.                                     :            T.C. NO.    11CR388

PAUL PATTON                            :            (Criminal appeal from
                                                    Common Pleas Court)

      Defendant-Appellant            :

                                       :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___15th___ day of ___March___, 2013.

. . . . . . . . . .

LISA M. FANNIN, Atty. Reg. No. 0082337, Assistant Prosecuting Attorney, 50 E. Columbia Street, 4th Floor, P. O. Box 1608, Springfield, Ohio 45501
      Attorney for Plaintiff-Appellee

REBEKAH S. NEUHERZ, Atty. Reg. No. 0072093, 150 N. Limestone Street, Suite 218, Springfield, Ohio 45501
      Attorney for Defendant-Appellant

. . . . . . . . . .

FROELICH, J.

        **{¶ 1}** Paul Patton was convicted of burglary in violation of R.C.

2911.12(A)(2), a second-degree felony, after a jury trial in the Clark County Court of Common Pleas.  The trial court sentenced him to four years in prison and ordered him to pay restitution of $164 and court costs.  Patton appeals from his conviction, claiming that his conviction was based on insufficient evidence and was against the manifest weight of the evidence.

{¶ 2}    For the following reasons, we agree with Patton that there was insufficient evidence to support his conviction for burglary.  However, we find that the evidence does support a conviction for the lesser-included offense of criminal trespassing in violation of R.C. 2911.21.  Patton's conviction for burglary will be vacated, and the matter will be remanded for the trial court to modify its judgment to indicate that Patton was convicted of criminal trespassing and for sentencing on that offense.

{¶ 3}    "A sufficiency of the evidence argument disputes whether the State has presented adequate evidence on each element of the offense to allow the case to go to the jury or sustain the verdict as a matter of law."  *State v. Wilson*, 2d Dist. Montgomery No. 22581, 2009-Ohio-525, ¶ 10, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997).  When reviewing whether the State has presented sufficient evidence to support a conviction, the relevant inquiry is whether any rational finder of fact, after viewing the evidence in a light most favorable to the State, could have found the essential elements of the crime proven beyond a reasonable doubt.  *State v. Dennis*, 79 Ohio St.3d 421, 430, 683 N.E.2d 1096 (1997).  A guilty verdict will not be disturbed on appeal unless "reasonable minds could not reach the conclusion reached by the trier-of-fact."  *Id.*

{¶ 4}    In contrast, "a weight of the evidence argument challenges the believability

of the evidence and asks which of the competing inferences suggested by the evidence is more believable or persuasive." *Wilson* at ¶ 12. *See Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 19 ("'manifest weight of the evidence' refers to a greater amount of credible evidence and relates to persuasion"). When evaluating whether a conviction is contrary to the manifest weight of the evidence, the appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *Thompkins*, 78 Ohio St.3d at 387, 678 N.E.2d 541, citing *State v. Martin* 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶ 5} Because the trier of fact sees and hears the witnesses at trial, we must defer to the factfinder's decisions whether, and to what extent, to credit the testimony of particular witnesses. *State v. Lawson*, 2d Dist. Montgomery No. 16288, 1997 WL 476684 (Aug. 22, 1997). However, we may determine which of several competing inferences suggested by the evidence should be preferred. *Id.* The fact that the evidence is subject to different interpretations does not render the conviction against the manifest weight of the evidence. *Wilson* at ¶ 14. A judgment of conviction should be reversed as being against the manifest weight of the evidence only in exceptional circumstances. *Martin*, 20 Ohio App.3d at 175, 485 N.E.2d 717.

{¶ 6} R.C. 2911.12(A)(2) provides:

(A) No person, by force, stealth, or deception, shall do any of the following: *
* *

(2) Trespass in an occupied structure or in a separately secured or separately

occupied portion of an occupied structure that is a permanent or temporary

habitation of any person when any person other than an accomplice of the

offender is present or likely to be present, with purpose to commit in the

habitation any criminal offense[.]

An attached garage is part of a home for purposes of the burglary statute. *E.g.*, *State v.*

*Stevens*, 2d Dist. Montgomery No. 19572, 2003-Ohio-6249, ¶ 36.

{¶ 7}　The State's evidence at trial established that Gavin Herzog, Jr. returned home from his high school graduation rehearsal at approximately 12:30 p.m. on May 26, 2011. The main door to the attached single-car garage was open, and his father's lawn mower was in the garage near a door at the back of the garage, which led to a patio. At that time, Herzog noticed that the lawn mower was there, as there were only a few other items on the floor of the garage.

{¶ 8}　At approximately 1:00 p.m., while Herzog was talking on the telephone, he heard a car door close and thought his mother had come home. Herzog looked out a window on the front side of the house, and saw a man, later identified as Patton, walking away on the sidewalk with a lawn mower. Herzog "felt something was wrong" and looked in the garage. His father's lawn mower was gone. Herzog walked toward Patton and shouted, "Hey!" Patton turned and looked at Herzog. Patton then loaded the lawn mower into the trunk of a silver PT Cruiser (which had a tarp covering a broken rear window), got into the passenger seat, and rode off in the vehicle. Herzog did not get a good look at the driver. Herzog contacted the police, and gave descriptions of the lawn mower, the two perpetrators, and the vehicle to the responding officer.

{¶ 9} Herzog's father testified that he had bought his Bolens push mower at Lowe's in Springfield in April 2011. The lawn mower had a 5.0 Briggs & Stratton-type engine with a black plastic case. The body of the mower was hunter green, and it had regular-sized tires. Herzog stated that the lawn mower he saw Patton pushing was his father's mower. Herzog and his father both testified that they did not give anyone permission to take the lawn mower.

{¶ 10} Through his investigation, Detective Tim Barcus was able to obtain a license plate number of a vehicle matching Herzog's description and identified Patton as a suspect. Barcus prepared a photo array to show Herzog. Another officer who was unfamiliar with the case showed the photo array to Herzog on June 2, 2011. Herzog selected Photo #2, which was Patton's photograph, as the perpetrator.

{¶ 11} At trial, Herzog's father was asked to compare his lawn mower to one that Patton brought as an exhibit. The lawn mower brought to the trial by Patton had a smaller 4.75 engine, different model numbers, said Weed Eater, was a different color green, and had larger tires. Both Mr. Herzog and his son stated that Patton's exhibit was not their lawn mower.

{¶ 12} On appeal, Patton argues that the State's evidence was insufficient to support his conviction for burglary. He emphasizes that there is no evidence that he trespassed on the victim's property. He states: "[T]he evidence established that the victim kept his lawn mower in a garage, that the garage door was broken and was therefore simply left open, that the garage was left open for approximately five and a half hours on the date in question while no one was home, and that, approximately a half an hour after arriving home, the son of the homeowner (Junior) saw Mr. Patton walking down the sidewalk pushing a

dark green lawnmower – a mower he was not even sure was the mower owned by his father. Even if the jury believed that Junior was able to positively identify the mower being pushed by Mr. Patton as this father's mower, no one at trial testified to seeing Mr. Patton anywhere on the victim's property at any time." (Citations to the trial transcript omitted.)

{¶ 13} The State presented sufficient evidence from which the jury could have concluded that Patton trespassed on the Herzogs' property and stole the family's lawn mower. Herzog and his father both testified that the lawnmower was in the garage and no one had permission to take the lawnmower. Herzog testified that he saw Patton walking down the sidewalk with his father's lawnmower. Although there was no direct evidence that Patton went into the Herzogs' garage, the jury could have readily inferred from the Herzogs' testimony that Patton went into their garage, without permission, in order to get the lawnmower and thereby trespassed on the Herzogs' property.

{¶ 14} However, in order to sustain Patton's conviction for burglary, the State was also required to put forth evidence that Patton trespassed "by force, stealth, or deception."[1] Stealth has been defined as "any secret, sly or clandestine act to avoid discovery and to gain entrance into or to remain within a residence of another without permission." *State v. Ward*, 85 Ohio App.3d 537, 540, 620 N.E.2d 168, 170 (3d Dist.1993). This court has held that a person's mere entry into an open, attached garage, in broad daylight, without evidence of stealthy behavior or deception to gain entry is insufficient to support a conviction for burglary. *State v. Pullen*, 2d Dist. Greene No. 91 CA 33, 1992 WL 142271 (June 25, 1992). *Accord, e.g.*, *State v. Harris*, 6th Dist. Lucas Nos. L-06-1402,

---

[1] At this court's request, the parties submitted supplemental briefs on this issue.

L-06-1403, 2008-Ohio-6168, ¶ 95-96. *Compare State v. Bolden*, 5th Dist. Stark No. 2002-CA-00235, 2002-Ohio- 6976 (although defendant walked into open garage in broad daylight, there was evidence of stealth where defendant walked up and down the street to ensure that he was unobserved while looking for a garage he could easily break into and he had concealed or disguised his bolt cutters to avoid arousing suspicion); *In re Markunes*, 2d Dist. Montgomery Nos. 15601 & 15617, 1996 WL 531586 (Sept. 20, 1996) (evidence of stealth existed where there was sufficient evidence that defendant's conduct could be construed as looking to see if the "coast was clear" before entering the open garage in broad daylight).

{¶ 15}  In this case, the attached garage was open, it was approximately 1:00 p.m., and no one observed Patton before he entered the Herzogs' garage, let alone his entry. When Herzog saw Patton, Patton was walking down the sidewalk with the lawnmower. There is no evidence – direct or circumstantial – that Patton engaged in any secret, sly, or clandestine act to gain entrance to the Herzogs' open garage, and nothing suggests that Patton trespassed on the Herzogs' property by force or deception.

{¶ 16}  Because the State failed to produced any evidence that Patton trespassed by "force, stealth or deception" on the Herzogs' property, Patton's conviction for burglary was based on insufficient evidence and must be vacated.

{¶ 17}  The assignment of error is sustained.

{¶ 18}  Although there was insufficient evidence to support a conviction for burglary, the State's evidence was sufficient to convict Patton of criminal trespassing, in

violation of R.C. 2911.21, a lesser-included offense of burglary.[2] "When a 'verdict is not sustained by sufficient evidence or is contrary to law; but if the evidence shows the defendant is not guilty of the degree of crime for which he was convicted, but guilty of a lesser degree thereof, or of a lesser crime included therein, the court may modify the verdict or finding accordingly, without granting or ordering a new trial.'" *State v. Johnson*, 188 Ohio App.3d 438, 2010-Ohio-3345, 935 N.E.2d 895, ¶ 22 (2d Dist.), quoting R.C. 2945.79(D). *See also State v. Jackson*, 4th Dist. Ross No. 12 CA 3309, 2012-Ohio-5619; *Rutledge v. United States*, 517 U.S. 292, 305-307, 116 S.Ct. 1241, 134 L.Ed.2d 419.

{¶ 19} Patton's conviction for burglary will be vacated. The matter will be remanded for the trial court to modify its judgment to indicate that Patton was convicted of criminal trespassing and for sentencing on that offense.

. . . . . . . . . .

FAIN, P.J. and HALL, J., concur.

Copies mailed to:

Lisa M. Fannin
Rebekah S. Neuherz
Hon. Richard J. O'Neill

---

[2] "There is a constitutional requirement that a criminal defendant has notice of the offense(s) charged against him. Sixth Amendment to the United States Constitution; Section 10, Article I of the Ohio Constitution. However, * * * if the offense is a lesser included offense of the crime charged, notice is presumed. *State v. Schmidt* (1995), 100 Ohio App.3d 167, 171, 652 N.E.2d 254." *State v. Ebert*, 7th Dist. Mahoning No. 07-MA-196, 2008-Ohio-6596, ¶ 11.