[Cite as *State v. Hayes*, 2021-Ohio-2962.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Craig R. Baldwin, P.J. |
| Plaintiff-Appellee | Hon. W. Scott Gwin, J.<br>Hon. William B. Hoffman, J. |
| -vs- | |
| | Case No. 2020 CA 00073 |
| MATTHEW HAYES | |
| Defendant-Appellant | O P I N I O N |


| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Licking County Court of Common Pleas, Case No. 2020 CR 00219 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | August 26, 2021 |
| APPEARANCES: | |


| | |
|---|---|
| For Plaintiff-Appellee | For Defendant-Appellant |
| WILLIAM C. HAYES<br>Licking County Prosecutor | APRIL F. CAMPBELL<br>46 ½ N. Sandusky Street<br>Delaware, Ohio 43015 |
| PAULA M. SAWYERS<br>Assistant Prosecuting Attorney<br>20 S. Second Street, Fourth Floor<br>Newark, Ohio 43055 | |

*Hoffman, J.*

{¶1} Defendant-appellant Mathew Hayes appeals the judgment entered by the Licking County Common Pleas Court convicting him of burglary (R.C. 2911.12(A)(1)) and sentencing him to a term of incarceration of four to six years. Plaintiff-appellee is the state of Ohio.

## STATEMENT OF THE FACTS AND CASE

{¶2} On May 10, 2020, Robert Wise lived in a room in a boarding house in Newark, Ohio. Around 10:30 or 11:00 a.m., he leaned back in his recliner to rest after taking his medication, and fell asleep. He left the door to his room open about 18-24 inches to allow air to circulate for his respirator. Wise awakened to find Appellant standing in his room. Wise recognized Appellant because Appellant visited the man who lived in the room next to Wise, and knew Appellant's first name was Matt. Wise immediately noticed items missing from a table next to his recliner: a bottle of mace, cigarettes, two lighters, a pocketknife, a cell phone, and money. He later discovered a guitar autographed by Keith Urban was missing from his room.

{¶3} When Wise woke up, Appellant ran out the door to the room and ran upstairs. Wise followed, telling Appellant to return his missing items. Appellant shoved Wise and ran. Wise followed Appellant outside to the porch, where Wise grabbed Appellant and again demanded his things back. A friend of Wise's who lived across the street came outside and asked what he could do to help. Wise asked his friend to call Wise's cell phone. The phone began ringing in Appellant's pocket.

{¶4} Appellant shoved Wise over the edge of the porch and took off running. Wise chased Appellant and caught him. When Wise shook Appellant, Wise's knife fell out of Appellant's pants leg. Appellant shoved Wise again, and threw something down

the alley.  Wise found his cell phone in pieces in the alley.  Police officers later found one of Wise's lighters in the alley.

{¶5}    Officers arrived on the scene, helped Wise back to his room, got him on his oxygen, and called paramedics.  Wise dislocated his elbow in the scuffle with Appellant, and had multiple bruises and cuts.  Officers located Appellant, who agreed to go with the officers to Appellant's boarding house for identification.  Upon seeing Appellant, Wise stated, "That's the son of a bitch who stole from me."  Tr. 88.

{¶6}    Officer David Arndt of the Newark Police Department interviewed Appellant after Mirandizing him.  Appellant admitted to having an altercation with Wise, but denied taking any items from Wise's room.  However, Officer Arndt noted Appellant's story kept changing.  Appellant told police where he had thrown a lighter, and later pointed out the location to police.  The lighter was one of the two lighters reported stolen by Wise.

{¶7}    Appellant was indicted by the Licking County Grand Jury on one count of burglary.  The case proceeded to bench trial in the Licking County Common Pleas Court.

{¶8}    At trial, Appellant testified he was at the boarding house on May 10, 2020, to visit his friend who lived next to Appellant.  He testified when he walked by Appellant's room, the door was wide open.  Appellant testified his friend wanted to go to Circle K to get Wi-Fi and slushies.  Appellant testified he went to the boarding house kitchen for water, then headed to the front door of the building.  He stopped to pick up a lighter which was on the threshold of the door.   As he put the lighter in his pocket, Wise woke up and started "spazzing out," yelling Appellant had robbed him.  Tr. 154-55.  Appellant testified Wise started hitting him with a cane.  Appellant denied taking any of Wise's items other than the lighter he had picked up in the doorway, and denied entering Wise's room.

**{¶9}** Appellant moved for a directed verdict of acquittal pursuant to Crim. R. 29(A), arguing the State did not present evidence he entered Wise's room by force, stealth, or deception because the door was open, and no one saw Appellant enter the room. The trial court overruled the motion, finding while there was evidence the door was open 18-24 inches, based on the layout of the room a person could see Wise asleep in his recliner from the doorway, and Appellant entering the room while Wise was sleeping in plain view was sufficient evidence to demonstrate stealth. The trial court found Appellant guilty of burglary, and sentenced him to a term of incarceration of four to six years.

**{¶10}** It is from the October 27, 2020 judgment of conviction and sentence Appellant prosecutes his appeal, assigning as error:

I. MATTHEW HAYES'S CONVICTION FOR BURGLARY SHOULD BE REVERSED BECAUSE THERE WAS INSUFFICIENT EVIDENCE THAT HE USED FORCE, STEALTH, OR DECEPTION UPON ENTERING THE VICTIM'S OPEN-DOORED ROOM.

II. MATTHEW HAYES'S CONVICTION SHOULD BE REVERSED BECAUSE THE DEARTH OF EVIDENCE TO SUGGEST THAT HAYES ACTED BY FORCE STEALTH OR DECEPTION UPON TRESPASS WEIGHS MANIFESTLY AGAINST CONVICTING HIM OF BURGLARY.

I., II.

**{¶11}** Appellant argues his conviction is not supported by sufficient evidence and is against the manifest weight of the evidence based on a lack of evidence he entered Wise's room by force, stealth or deception.

**{¶12}** In determining whether a verdict is against the manifest weight of the evidence, the appellate court acts as a thirteenth juror and "in reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in evidence the jury 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins*, 78 Ohio St. 3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541, *quoting State v. Martin*, 20 Ohio App. 3d 172, 175, 485 N.E.2d 717 (1983).

**{¶13}** An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St. 3d 259, 574 N.E.2d 492, paragraph two of the syllabus (1991).

**{¶14}** Appellant was convicted of burglary in violation of R.C. 2911.12(A)(1):

> (A) No person, by force, stealth, or deception, shall do any of the following:

> (1) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit

in the structure or in the separately secured or separately occupied portion

of the structure any criminal offense[.]

{¶15} Stealth has been defined as "any secret, sly or clandestine act to avoid discovery and to gain entrance into or to remain within a residence of another without permission." *State v. Ward*, 85 Ohio App.3d 537, 540, 620 N.E.2d 168, 170 (3d Dist. Hancock 1993). Appellant cites this Court to two cases from the Second District, in which the court of appeals found a defendant's entry into an open garage in broad daylight, without further evidence of stealthy behavior or deception, was insufficient to support a burglary conviction. *State v. Patton*, 2nd Dist. Clark No. 2011 CA 94, 2013-Ohio-961*; State v. Pullen*, 2nd Dist. Greene No. 91 CA 33, 1992 WL 142271 (June 25, 1992).

{¶16} Because Wise's door was open, Appellant argues this case is similar to Patton and Pullen, and distinguishable from *State v. Bolden,* 5th Dist. Stark No. 2002–CA–00235, 2002–Ohio–6976, in which this Court held although the defendant walked into an open garage in broad daylight, there was evidence of stealth because he walked up and down the street to ensure he was unobserved while looking for a garage he could easily break into, and he had concealed his bolt cutters to avoid arousing suspicion.

{¶17} In the instant case, there was testimony Wise's door was not wide open, but was open somewhere between 18-24 inches. The photographs taken by police and admitted into evidence demonstrate a person entering the doorway would see Wise asleep in his recliner, as well as the table next to him from which all the items except the guitar were stolen. When Wise woke up, Appellant immediately fled Wise's room, and "took off running upstairs." Tr. 16. Viewed in a light most favorable to the State, we find

this evidence sufficient from which a rational trier of fact could have found Appellant entered the room by stealth.

**{¶18}** We also find the judgment is not against the manifest weight of the evidence. Wise testified the door was only open around 18-24 inches. There was evidence presented any person entering the room would see Wise asleep in the recliner, and would see the table next to the recliner from which the items were stolen. However, Wise did not wake up until Appellant had taken the items. When Wise woke up, Appellant fled from the apartment and ran upstairs. Based on Wise's testimony and the evidence of the layout of Wise's room, we find the trial court did not lose its way in finding Appellant entered by stealth, and the judgment is not against the manifest weight of the evidence.

**{¶19}** Appellant's first and second assignments of error are overruled. The judgment of the Licking County Common Pleas Court is affirmed.


By: Hoffman, J.
Baldwin, P.J. and
Gwin, J. concur